<u>**IN THE UNITED STATES DISTRICT COURT**</u>
<u>**MIDDLE DISTRICT OF GEORGIA**</u>
<u>**ALBANY DIVISION**</u>

| | |
|---|---|
| CHRIS PAYNE, individually and on behalf of the members of DOCO Regional Federal Credit Union Union, )( )( )( )( )( | |
| Plaintiff, )( )( )( | CASE NO. _____ |
| vs. )( )( | |
| DOCO Regional Federal Credit Union, Barry O. Heape, individually and in his official capacity as President/CEO of DOCO Regional Federal Credit Union, J.W. Flowers, individually and in his Official capacity as Chairman of the Board of Directors of DOCO Regional Federal Credit Union, and JOHN DOE DEFENDANTS, )( )( )( )( )( )( )( )( )( )( )( | |
| Defendants. )( | |

<u>**COMPLAINT**</u>

COMES NOW CHRIS PAYNE, Plaintiff in the above-captioned matter (hereinafter "Plaintiff"), and files his COMPLAINT, showing this Court the following:

<u>**INTRODUCTION**</u>

1.

This Complaint is an action for unlawful discrimination in employment pursuant to 12 U.S.C. § 1790(a), for unlawful racketeering activities in violation of Georgia's RICO (Racketeer Influenced and Corrupt Organizations) Act, O.C.G.A. § 16-14-3(8), and for violations of other Georgia state laws.

2.

Defendant DOCO Regional Federal Credit Union ("DOCO") is a federally-chartered, cooperative member of the Federal Credit Union System as established by the Federal Credit Union Act as amended (the "Act") and the regulations of the National Credit Union Administration ("NCUA").  Plaintiff is authorized to make loans, accept deposits, and engage in banking and lending activities in compliance with the Act and NCUA.

3.

Defendant Barry O. Heape ("Heape") is now, and was at all times relevant herein, President and CEO of DOCO.  Defendant Heape resides in Dougherty County, Georgia.

4.

Defendant J.W. Flowers ("Flowers) is now, and was at all time relevant herein, Chairman of DOCO's Board of Directors.  Defendant Flowers resides in Dougherty County, Georgia.

5.

Defendants JOHN DOE are currently unknown members of DOCO's Board of Directors who, upon information and belief, participated in discussions and the decision to terminate Plaintiff's employment with DOCO.

6.

This Court has jurisdiction over the subject matter of this action pursuant to 12 U.S.C. § 1790(b) and 13 U.S.C. § 1367.

7.

Plaintiff is an individual residing in Dougherty County, Georgia.  Plaintiff brings this action in his individual capacity and in his capacity as a member of DOCO Regional

Federal Credit Union to recover damages suffered by Plaintiff and DOCO Regional

Federal Credit Union's members.

8.

Plaintiff was employed by DOCO from January 3, 2006 until the day of his

termination on January 23, 2009.  During his last year of employment, Plaintiff was

promoted to the position of Vice President of Operations.  Throughout his employment at

DOCO, Plaintiff enjoyed an impeccable employment record and performed his job duties

faithfully.

9.

During Plaintiff's employment at DOCO, Plaintiff discovered that its President

and CEO, Defendant Heape, engaged in unethical and unlawful behavior.  Specifically,

Plaintiff discovered that Defendant Heape engaged in the following conduct:

- Ordering subordinate employees to intentionally destroy a DOCO ATM

machine and to submit a false and fraudulent insurance claim to DOCO's insurer;

- Allowing third parties to charge materials to a DOCO account at a contractor's

supply store in exchange for the promise of personal services to Defendant Heape;

- Buying vehicles repossessed from DOCO customers at below fair market value

and reselling those vehicles for personal profit and gain;

- Using the DOCO tax identification number to purchase personal items so as to

avoid paying sales tax on those items;

- Purchasing personal property and items with DOCO funds;

- Conspiring to purchase a house owned by DOCO for below its fair market

value;

- Failing to report a DOCO-provided vehicle on his income tax returns; and

- Allowing certain customers to maintain excessive account overdraws without taking action to protect DOCO's interests.

10.

In October 2008, an ATM machine owned by DOCO was vandalized.  Shortly after this occurred, Defendant Heape devised a plan to intentionally inflict further damage to the ATM machine for the purpose of filing a false and fraudulent insurance claim on the machine.

11.

In furtherance of his plan, Defendant Heape instructed a DOCO employee, Chris Farr and another non-employee, to damage the machine such that it would be declared a total loss by the insurance company.

12.

Mr. Farr and the other non-employee did, in fact, inflict extensive damage to the ATM machine as instructed by Defendant Heape.

13.

After doing so, however, and shortly thereafter, Mr. Farr telephoned Plaintiff, advised Plaintiff that he had damaged the ATM machine at Defendant Heape's direction, and confided in Plaintiff that he was concerned and scared about committing illegal activity.

14.

Plaintiff instructed Mr. Farr not to engage in any other similar activity regardless of whether instructed to do so by Defendant Heape or not.

15.

Shortly thereafter, Defendant Heape instructed DOCO's Chief Financial Officer to complete and submit an insurance claim form to DOCO's insurance company advising that company that the ATM machine had been damaged beyond repair in the October 2008 vandalism and was a total loss.

16.

The Chief Financial Officer did, in fact, complete the insurance claim form as instructed by Defendant Heape, but before filing or submitting same, confided in Plaintiff about the proper course of action.

17.

Plaintiff advised the Chief Financial Officer not to submit the false insurance claim.

18.

Plaintiff then requested a meeting with Mr. Tom Pollock, a member of DOCO's Board of Directors.  Shortly thereafter, Plaintiff met with Mr. Pollock and Mr. J.W. Flowers, Chairman of DOCO's Board of Directors.  During this meeting, Plaintiff advised Mr. Flowers and Mr. Pollock of Defendant's conduct regarding the ATM machine and also of the other conduct that Defendant Heape had engaged in and that Plaintiff considered unethical and unlawful.

19.

Also during this same meeting, Plaintiff advised these board members that he was debating whether or not he should to report this conduct to NCUA or to DOCO's board of directors.  Plaintiff also advised Mr. Flowers and Mr. Pollock that the board should

take immediate action to secure an independent investigation and audit of Defendant

Heape's conduct.  In response, Mr. Flowers advised that DOCO did not want this matter

going to the NCUA but instead wished to deal with these allegations internally.  Mr.

Flowers led Plaintiff to believe that DOCO's board would fully investigate the allegations

and deal with the matter promptly.  Relying upon Mr. Flower's statements, Plaintiff

refrained from contacting NCUA about this matter at that time.

20.

A few days following this meeting, Plaintiff was advised by Mr. Pollock that he

and Mr. Flowers had a meeting scheduled with Defendant Heape to discuss these

allegations.  Plaintiff was never informed as to the results of this meeting.

21.

Shortly following Plaintiff's reporting of Defendant Heape's conduct to DOCO's

board members, and on January 23, 2009, Plaintiff was summarily fired by Defendant

DOCO without any warning or explanation for his termination.

22.

Plaintiff was never given any further opportunity to discuss any of the reported

misconduct with any member of DOCO's board, and to Plaintiff's knowledge, DOCO

had taken no meaningful action to investigate any of Defendant Heape's conduct as of

January 23, 2009.

23.

On February 3, 2009, Plaintiff reported all of the above-referenced misconduct by

Defendant Heape to NCUA via certified letter.  A copy of said letter and proof of

NCUA's receipt of same is attached hereto as Exhibit "A".

24.

Also on February 3, 2009, Plaintiff wrote Defendant DOCO and demanded that he be reinstated to his former position within five (5) days.  Defendants have refused to reinstate Plaintiff's employment.

25.

During September of 2009, Defendant Heape directed an employee of DOCO to contact the former Chief Financial Officer, the same person who had been instructed to file the false insurance claim by Defendant Heape, to inform him of the availability of a position at another credit union.[1]  Defendant Heape sent word through this employee that Defendant Heape would give the former Chief Financial Officer a good and favorable recommendation if he applied for that job.

26.

The former Chief Financial Officer applied for the position and was given an opportunity to interview for position.

27.

Before the interview, Defendant Heape contacted the former Chief Financial Officer directly, gave instructions on what the former Chief Financial Officer should say during the interview-- specifically that the Chief Financial Officer had been fired for a reason unrelated to the facts of this case, and assured the former Chief Financial Officer that he would get the job he sought if he complied with Defendant Heape's instructions.

28.

The former Chief Financial Officer did as instructed and was awarded the job.

29.

---

[1] The former Chief Financial Officer of DOCO was fired on the same day as Plaintiff.

At the time that Defenant Heape undertook these actions, Defendant Heape knew that the former Chief Financial Officer was a material witness for the Plaintiff in this case.

## COUNT I – VIOLATION OF 12 U.S.C. § 1790(a)

30.

Plaintiff re-alleges paragraphs 1-29 of Plaintiff's Complaint as if fully set forth herein.

31.

Plaintiff reported unethical and unlawful conduct of Defendant Heape to DOCO's board of directors on or about January 9, 2009 and again approximately one week later.

32.

During these meetings, Plaintiff informed DOCO's board of directors that he was considering reporting these allegations to NCUA.

33.

DOCO's board of directors informed Plaintiff that DOCO did not wish for these matters to be reported to NCUA, but, instead, desired to handle these issues internally.

34.

Plaintiff relied upon DOCO's board of directors' statements that DOCO would investigate and handle the matter, and thus refrained from reporting these allegations to NCUA on that date.

35.

Shortly after Plaintiff's reporting of the unlawful conduct to DOCO's board, Plaintiff was summarily discharged without any warning or reasons given.

36.

On February 3, 2009, Plaintiff reported Defendant Heape's misconduct to NCUA. See Exhibit "A".

37.

Had DOCO's board of director's not advised Plaintiff that it wished to handle the matter internally and would investigate the matter internally, Plaintiff would have notified NCUA on the date of his first meeting with DOCO's board representatives and while still employed at DOCO.

38.

On February 3, 2009, Plaintiff demanded that DOCO reinstate his employment with full salary, benefits and bonus.  DOCO has refused to do so.

39.

Upon information and belief, and in spite of its statements to Plaintiff that it would do so, DOCO did not perform any meaningful investigation into Defendant Heape's misconduct, if any, until after Plaintiff notified NCUA on February 3, 2009.

40.

Defendant DOCO has unlawfully retaliated against Plaintiff for reporting Defendant Heape's misconduct in violation of 12 U.S.C. § 1790(a).

41.

Defendant DOCO's unlawful retaliation includes terminating Plaintiff's employment and/or refusing to reinstate Plaintiff's employment.

42.

As a direct result of Defendant DOCO's unlawful conduct, Plaintiff has suffered compensatory damages, which include damages for lost wages, benefits, and bonuses, as well as damages for emotional distress.

43.

Defendant's actions are the sole and proximate cause of Plaintiff's damages which Plaintiff is entitled to recover at trial.

## COUNT II – Violations of the Georgia RICO (Racketeer Influenced and Corrupt Organizations) Act By Defendants

44.

Plaintiff re-alleges paragraphs 1-43 of Plaintiff's Complaint as if fully set forth herein.

45.

Defendant Heape has engaged or endeavored to engage in a pattern of racketeering activity as defined in O.C.G.A. § 16-14-3(8) by, *inter alia*:

(a)    Conspiring to commit, or actually committing, insurance fraud in violation of O.C.G.A. § 33-1-9 and O.C.G.A. § 16-4-8 because Defendant Heape, and others at his specific direction and instruction, took steps in furtherance of the commission of this crime;

(b)    Conspiring with the intent to deter a witness from testifying freely, fully, and truthfully to a matter pending in a court by offering a benefit, reward or consideration to said witness in violation of O.C.G.A. § 16-10-93;

(c)    Repeated and numerous acts of theft by taking in violation of O.C.G.A. § 16-8-2 because Defendant Heape has unlawfully used DOCO funds to pay for personal items for Defendant Heape;

(d)    Repeated and numerous acts of theft by deception in violation of O.C.G.A. § 16-8-3 because Defendant Heape obtained the property of DOCO through deceitful means or artful practice with the intention of depriving DOCO of the property;

(e)    Repeated and numerous acts of theft by conversion in violation of O.C.G.A. § 16-8-4 because Defendant Heape knowingly converted the funds or property of DOCO to his own use;

(f)    Repeated acts of mail fraud in violation of 18 U.S.C. § 1341; and

(g)    Repeated acts of wire fraud in violation of 18 U.S.C. § 1343.

46.

Defendants DOCO and Heape have further engaged in, or endeavored to engage in, a pattern of racketeering activity as defined in O.C.G.A. § 16-14-3(8) by, *inter alia*:

(a)    Obstructing justice, or attempting to obstruct justice, by (1) dissuading Plaintiff from reporting Defendant Heape's unlawful conduct; (2) terminating Plaintiff's employment in an effort to deter Plaintiff from reporting Defendant Heape's unlawful conduct; and (3) retaliating against Plaintiff, all in violation of O.C.G.A. § 16-10-93;

(b)     Obstructing justice, or attempting to obstruct justice, by (1) dissuading Plaintiff from reporting Defendant Heape's unlawful conduct; (2) terminating Plaintiff's employment in an effort to deter Plaintiff from reporting Defendant Heape's unlawful conduct; and (3) retaliating against Plaintiff, all in violation of O.C.G.A. § 16-10-32;

(c)    Obstructing justice, or attempting to obstruct justice, by engaging in misleading conduct toward Plaintiff with the intent to prevent the reporting of Defendant Heape's unlawful conduct in violation of 18 U.S.C. § 1512;

(d)     Obstructing justice, or attempting to obstruct justice, by knowingly harming Plaintiff, with the intent to retaliate, by terminating Plaintiff's employment for reporting Defendant Heape's unlawful conduct in violation of 18 U.S.C. § 1513;

(e)     Conspiring with the intent to deter a witness from testifying freely, fully, and truthfully to a matter pending in a court by offering a benefit, reward or consideration to said witness in violation of O.C.G.A. § 16-10-93; and

(f)     Repeated acts of mail fraud in violation of 18 U.S.C. § 1341.

47.

Defendant's actions constitute a pattern of racketeering activity in furtherance of one or more incidents, schemes and transactions with the intent to defraud DOCO and its customers for the advancement and pecuniary gain of Defendant Heape.

48.

Defendant Heape has violated the Georgia RICO (Racketeer Influenced and Corrupt Organizations) Act, O.C.G.A. § 16-14-4(a) and O.C.G.A. § 16-14-4(c), by acquiring and maintaining, through a pattern of racketeering activity, an interest in or control of the personal property, including money, of DOCO or endeavoring to acquire and maintain, through a pattern of racketeering activity, an interest in or control of the personal property, including money, of DOCO.

49.

Defendant DOCO has been complicit in Defendant Heape's scheme by refusing to conduct any meaningful investigation of Defendant Heape upon Plaintiff's reports of Defendant Heape's conduct, and allowing Defendant Heape to remain.

50.

Defendant Heape's violations of the Georgia RICO (Racketeer Influenced and Corrupt Organizations ) Act, O.C.G.A. § 16-14-4(a) and O.C.G.A. § 16-14-4(c), have actually and proximately caused damages to DOCO.

51.

Defendants violations of the Georgia RICO (Racketeer Influenced and Corrupt Organizations ) Act, O.C.G.A. § 16-14-4(a) and O.C.G.A. § 16-14-4(c), and Defendant DOCO's refusal to take any appropriate corrective action, and instead terminating Plaintiff's employment, have actually and proximately caused damages to Plaintiff.

52.

Defendants violations of the Georgia RICO (Racketeer Influenced and Corrupt Organizations) Act, O.C.G.A. § 16-14-4(a) and O.C.G.A. § 16-14-4(c), and one or more of Defendants' racketeering activities have actually and proximately caused damages to Plaintiff.

53.

As such, Plaintiff, both individually and on behalf of DOCO, is entitled to an award of treble damages from Defendant Heape and Defendant DOCO, pursuant to O.C.G.A. § 16-14-6(c), in an amount to be proven at trial.

**COUNT III – Punitive Damages for Violations of the Georgia RICO
(Racketeer Influenced and Corrupt Organizations) Act by Defendants**

54.

Plaintiff re-alleges paragraphs 1-53 of Plaintiff's Complaint as if fully set forth herein.

55.

Defendant Heape has engaged or endeavored to engage in a pattern of racketeering activity as defined in O.C.G.A. § 16-14-3(8) by, *inter alia*:

(a)     Conspiring to commit, or actually committing, insurance fraud in violation of O.C.G.A. § 33-1-9 and O.C.G.A. § 16-4-8 because Defendant Heape, and others at his specific direction and instruction, took steps in furtherance of the commission of this crime;

(b)     Conspiring with the intent to deter a witness from testifying freely, fully, and truthfully to a matter pending in a court by offering a benefit, reward or consideration to said witness in violation of O.C.G.A. § 16-10-93.

(c)     Repeated and numerous acts of theft by taking in violation of O.C.G.A. § 16-8-2 because Defendant Heape has unlawfully used DOCO funds to pay for personal items for Defendant Heape;

(d)     Repeated and numerous acts of theft by deception in violation of O.C.G.A. § 16-8-3 because Defendant Heape obtained the property of DOCO through deceitful means or artful practice with the intention of depriving DOCO of the property; and

(e)     Repeated and numerous acts of theft by conversion in violation of O.C.G.A. § 16-8-4 because Defendant Heape knowingly converted the funds or property of DOCO to his own use.

56.

Defendants DOCO and Heape have further engaged in, or endeavored to engage in, a pattern of racketeering activity as defined in O.C.G.A. § 16-14-3(8) by, *inter alia*:

(a)     Obstructing justice, or attempting to obstruct justice, by (1) dissuading Plaintiff from reporting Defendant Heape's unlawful conduct; (2) terminating Plaintiff's

employment in an effort to deter Plaintiff from reporting Defendant Heape's unlawful

conduct; and (3) retaliating against Plaintiff, all in violation of O.C.G.A. § 16-10-93; and

(b)      Obstructing justice, or attempting to obstruct justice, by (1) dissuading

Plaintiff from reporting Defendant Heape's unlawful conduct; (2) terminating Plaintiff's

employment in an effort to deter Plaintiff from reporting Defendant Heape's unlawful

conduct; and (3) retaliating against Plaintiff, all in violation of O.C.G.A. § 16-10-32.

(c)      Obstructing justice, or attempting to obstruct justice, by engaging in

misleading conduct toward Plaintiff with the intent to prevent the reporting of Defendant

Heape's unlawful conduct in violation of 18 U.S.C. § 1512;

(d)      Obstructing justice, or attempting to obstruct justice, by knowingly

harming Plaintiff, with the intent to retaliate, by terminating Plaintiff's employment for

reporting Defendant Heape's unlawful conduct in violation of 18 U.S.C. § 1513; and

(e)      Conspiring with the intent to deter a witness from testifying freely, fully,

and truthfully to a matter pending in a court by offering a benefit, reward or consideration

to said witness in violation of O.C.G.A. § 16-10-93.

57.

Defendant's actions constitute a pattern of racketeering activity in furtherance of

one or more incidents, schemes and transactions with the intent to defraud DOCO and its

customers for the pecuniary gain of Defendant Heape.

58.

Defendant Heape has violated the Georgia RICO (Racketeer Influenced and

Corrupt Organizations) Act, O.C.G.A. § 16-14-4(a) and O.C.G.A. § 16-14-4(c), by

acquiring and maintaining, through a pattern of racketeering activity, an interest in or

control of the personal property, including money, of DOCO or endeavoring to acquire and maintain, through a pattern of racketeering activity, an interest in or control of the personal property, including money, of DOCO.

59.

Defendant DOCO has been complicit in Defendant Heape's scheme by refusing to conduct any meaningful investigation of Defendant Heape upon Plaintiff's reports of Defendant Heape's conduct, and allowing Defendant Heape to remain.

60.

Defendant Heape's violations of the Georgia RICO (Racketeer Influenced and Corrupt Organizations ) Act, O.C.G.A. § 16-14-4(a) and O.C.G.A. § 16-14-4(c), have actually and proximately caused damages to DOCO.

61.

Defendants violations of the Georgia RICO (Racketeer Influenced and Corrupt Organizations ) Act, O.C.G.A. § 16-14-4(a) and O.C.G.A. § 16-14-4(c), and Defendant DOCO's refusal to take any appropriate corrective action, and instead terminating Plaintiff's employment, have actually and proximately caused damages to Plaintiff.

62.

Defendants violations of the Georgia RICO (Racketeer Influenced and Corrupt Organizations) Act, O.C.G.A. § 16-14-4(a) and O.C.G.A. § 16-14-4(c), and one or more of Defendants' racketeering activities have actually and proximately caused damages to Plaintiff.

63.

As such, Plaintiff is entitled to an award of punitive damages from the Defendants, pursuant to O.C.G.A. § 16-14-6(c), in an amount to be proven at trial.

**COUNT IV – Attorney's Fees and Costs of Investigation and Litigation
For Violations of the Georgia RICO (Racketeer Influenced and Corrupt
Organizations) Act by Defendants**

64.

Plaintiff re-alleges paragraphs 1-63 of Plaintiff's Complaint as if fully set forth herein.

65.

Defendant Heape has engaged or endeavored to engage in a pattern of racketeering activity as defined in O.C.G.A. § 16-14-3(8) by, *inter alia*:

(a)     Conspiring to commit, or actually committing, insurance fraud in violation of O.C.G.A. § 33-1-9 and O.C.G.A. § 16-4-8 because Defendant Heape, and others at his specific direction and instruction, took steps in furtherance of the commission of this crime;

(b)     Conspiring with the intent to deter a witness from testifying freely, fully, and truthfully to a matter pending in a court by offering a benefit, reward or consideration to said witness in violation of O.C.G.A. § 16-10-93.

(c)     Repeated and numerous acts of theft by taking in violation of O.C.G.A. § 16-8-2 because Defendant Heape has unlawfully used DOCO funds to pay for personal items for Defendant Heape;

(d)     Repeated and numerous acts of theft by deception in violation of O.C.G.A. § 16-8-3 because Defendant Heape obtained the property of DOCO through deceitful means or artful practice with the intention of depriving DOCO of the property; and

(e)       Repeated and numerous acts of theft by conversion in violation of

O.C.G.A. § 16-8-4 because Defendant Heape knowingly converted the funds or property

of DOCO to his own use.

66.

Defendants DOCO and Heape have further engaged in, or endeavored to engage

in, a pattern of racketeering activity as defined in O.C.G.A. § 16-14-3(8) by, *inter alia*:

(a)       Obstructing justice, or attempting to obstruct justice, by (1) dissuading

Plaintiff from reporting Defendant Heape's unlawful conduct; (2) terminating Plaintiff's

employment in an effort to deter Plaintiff from reporting Defendant Heape's unlawful

conduct; and (3) retaliating against Plaintiff, all in violation of O.C.G.A. § 16-10-93; and

(b)        Obstructing justice, or attempting to obstruct justice, by (1) dissuading

Plaintiff from reporting Defendant Heape's unlawful conduct; (2) terminating Plaintiff's

employment in an effort to deter Plaintiff from reporting Defendant Heape's unlawful

conduct; and (3) retaliating against Plaintiff, all in violation of O.C.G.A. § 16-10-32.

(c)       Obstructing justice, or attempting to obstruct justice, by engaging in

misleading conduct toward Plaintiff with the intent to prevent the reporting of Defendant

Heape's unlawful conduct in violation of 18 U.S.C. § 1512;

(d)       Obstructing justice, or attempting to obstruct justice, by knowingly

harming Plaintiff, with the intent to retaliate, by terminating Plaintiff's employment for

reporting Defendant Heape's unlawful conduct in violation of 18 U.S.C. § 1513; and

(e)       Conspiring with the intent to deter a witness from testifying freely, fully,

and truthfully to a matter pending in a court by offering a benefit, reward or consideration

to said witness in violation of O.C.G.A. § 16-10-93.

67.

Defendant's actions constitute a pattern of racketeering activity in furtherance of one or more incidents, schemes and transactions with same intent to defraud DOCO and its customers for the pecuniary gain of Defendant Heape.

68.

Defendant Heape has violated the Georgia RICO (Racketeer Influenced and Corrupt Organizations) Act, O.C.G.A. § 16-14-4(a) and O.C.G.A. § 16-14-4(c), by acquiring and maintaining, through a pattern of racketeering activity, an interest in or control of the personal property, including money, of DOCO or endeavoring to acquire and maintain, through a pattern of racketeering activity, an interest in or control of the personal property, including money, of DOCO.

69.

Defendant DOCO has been complicit in Defendant Heape's scheme by refusing to conduct any meaningful investigation of Defendant Heape upon Plaintiff's reports of Defendant Heape's conduct, and allowing Defendant Heape to remain.

70.

Defendant Heape's violations of the Georgia RICO (Racketeer Influenced and Corrupt Organizations ) Act, O.C.G.A. § 16-14-4(a) and O.C.G.A. § 16-14-4(c), have actually and proximately caused damages to DOCO.

71.

Defendants violations of the Georgia RICO (Racketeer Influenced and Corrupt Organizations ) Act, O.C.G.A. § 16-14-4(a) and O.C.G.A. § 16-14-4(c), and Defendant

DOCO's refusal to take any appropriate corrective action, and instead terminating Plaintiff's employment, have actually and proximately caused damages to Plaintiff.

72.

Defendants violations of the Georgia RICO (Racketeer Influenced and Corrupt Organizations) Act, O.C.G.A. § 16-14-4(a) and O.C.G.A. § 16-14-4(c), and one or more of Defendants' racketeering activities have actually and proximately caused damages to Plaintiff.

73.

As such, Plaintiff is entitled to an award of attorney's fees and the costs of investigation and litigation from the Defendants, pursuant to O.C.G.A. § 16-14-6(c), in an amount to be proven at trial.

## COUNT V – Wrongful Interference With Employment Relations Against Defendant Heape

74.

Plaintiff re-alleges paragraphs 1-73 of Plaintiff's Complaint as if fully set forth herein.

75.

Defendant Heape maliciously, and without justifiable cause, induced Defendant DOCO to terminate Plaintiff's employment by means of false statements, false information, and by use of malevolent advice and persuasion.

76.

As a result, Plaintiff suffered damages in an amount to be proven at trial.

77.

Defendant Heape's actions are the sole and proximate cause of Plaintiff's damages.

## COUNT VI – Conversion by Defendant Heape

78.

Plaintiff re-alleges paragraphs 1-77 of Plaintiff's Complaint as if fully set forth herein.

79.

Defendant Heape has converted assets and property belonging to DOCO, including money, to his own use and to the exclusion of DOCO's members' rights of ownership.

80.

As a direct and proximate result of Defendant Heape's numerous and repeated material conversions of assets and property of DOCO, DOCO's members have been damaged in an amount to be proven at trial.

81.

Plaintiff, as a member of DOCO, brings this action on DOCO's behalf to recover from Defendant Heape any and all unlawfully converted property and money.

## COUNT VII – FRAUD

82.

Plaintiff re-alleges paragraphs 1-81 of Plaintiff's Complaint as if fully set forth herein.

83.

Defendant DOCO, acting by and through its board members Defendant Flowers and others, made material misrepresentations to Plaintiff.

84.

Specifically, when Plaintiff notified DOCO's board members Tom Pollock and its Chairman, J.W. Flowers, Chairman Flowers, acting on behalf of DOCO, falsely represented to Plaintiff that:

a.      DOCO's board of directors would fully investigate Defendant Heape's actions;

b.      Plaintiff should allow DOCO's board of directors to investigate the matter internally without involving NCUA; and

c.      That DOCO would handle the matter.

85.

Each of the above representations by Defendant DOCO, acting by and through its Board Chairman Flowers, were false and misleading.

86.

In spite of Defendant DOCO's representations, Defendant DOCO took no meaningful action to investigate Defendant Heape's conduct before January 23, 2009.

87.

On January 23, 2009, Defendant DOCO summarily terminated Plaintiff's employment without any notice or warning whatsoever.  Further, Defendant DOCO never interviewed or questioned Plaintiff as part of any investigation nor did it take Plaintiff's advice to employ independent investigators or auditors to confirm Plaintiff's complaints about Defenant Heape's unethical and unlawful conduct.

88.

Plaintiff relied on Defendant DOCO's false representations to his detriment. Specifically, Defendant DOCO's false misrepresentations debarred and deterred Plaintiff from reporting Defendant Heape's unethical and unlawful conduct to appropriate authorities and the NCUA earlier as he had originally planned.

89.

But for Defendant DOCO's false representations to Plaintiff set forth above, Plaintiff would have reported Defendant Heape's conduct to appropriate authorities and NCUA prior to January 23, 2009.

90.

Defendant DOCO's false and misleading statements to Plaintiff, and his detrimental reliance thereon, have caused Plaintiff to suffer damages in an amount to be proven at trial.

**COUNT IX- Punitive Damages**

91.

Plaintiff re-alleges paragraphs 1-90 of Plaintiff's Complaint as if fully set forth herein.

92.

The conduct of Defendants shows willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences.

93.

Punitive damages are necessary to punish, penalize, or deter the Defendants.

94.

As such, DOCO is entitled to an award of punitive damages from the Defendants, pursuant to O.C.G.A. § 51-12-5.1, in an amount to be proven at trial.

## COUNT X – Attorney's Fees and Costs of Litigation

95.

Plaintiff re-alleges paragraphs 1-94 of Plaintiff's Complaint as if fully set forth herein.

96.

Plaintiff attempted to avoid litigation in this matter by demanding that Defendant DOCO reinstate Plaintiff to his former position with Defendant DOCO.

97.

Defendant DOCO rejected that demand.

98.

Defendants have been stubbornly litigious, have acted in bad faith, and have caused Plaintiff unnecessary trouble and expense.

99.

As a result, Plaintiff is entitled to recover all costs and expenses of litigation, including attorneys fees, pursuant to O.C.G.A. § 13-6-11.

**WHEREFORE**, Plaintiff demands the following relief:

(a)    that process and this Complaint be served in accordance with Georgia law;

(b)    Award Plaintiff judgment on Count I in an amount to be established by the evidence;

(c)     Award Plaintiff judgment on Count II in an amount to be established by the evidence;

(d)     Award Plaintiff judgment on Count III in an amount to be established by the evidence;

(e)     Award Plaintiff judgment on Count IV in an amount to be established by the evidence;

(f)     Award Plaintiff judgment on Count V in an amount to be established by the evidence;

(g)      Award Plaintiff judgment on Count VI in an amount to be established by the evidence;

(h)     Award Plaintiff judgment on Count VII in an amount to be established by the evidence;

(i)     Award Plaintiff judgment on Count VIII in an amount to be established by the evidence;

(j)     Award Plaintiff judgment on Count IX in an amount to be established by the evidence;

(k)     Award Plaintiff judgment on Count X in an amount to be established by the evidence;

(l)     A trial by jury on all triable issues; and

(m)     For such other and further relief as this Court deems just and proper.

Respectfully submitted this 9th day of December, 2009.

HOWELL + PARROTT, LLP

/s/ Robert D. Howell

Ga. Bar No. 372598
Attorney for Plaintiff

HOWELL + PARROTT, LLP
P.O. Box 100
Moultrie, Georgia 31776
(229) 985-5300
(229) 891-3378 - fax